# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GLENN STEVENS, and <br> IRENE STEVENS, <br>     Plaintiffs, <br> v. <br> WAL-MART STORES, INC., and <br> SCOTT HASTY, <br>     Defendants. | No. 4:13-cv-00593-DGK |

## ORDER GRANTING MOTION TO REMAND

This lawsuit arises from Defendant Scott Hasty ("Hasty"), a security guard at Wal-Mart, mistakenly reporting that Plaintiff Glenn Stevens' ("Stevens") car was used in connection with a shoplifting incident at Wal-Mart. In response to the false report and his subsequent arrest, Glenn Stevens and his wife, Irene Stevens (collectively "Plaintiffs") filed suit against Hasty and Defendant Wal-Mart ("Wal-Mart") in the Circuit Court of Cass County, Missouri, alleging claims of injurious falsehood, misrepresentation, negligence, malicious prosecution, and loss of services.

Defendants removed this case by invoking the Court's diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, and 1446, claiming Plaintiffs fraudulently joined Missouri resident Hasty to prevent removal.

Now before the Court is Plaintiffs' Motion to Remand (the "Motion") (Doc. 7). Finding that Plaintiffs may be able to maintain a cause of action for negligence against Hasty, the Court holds Wal-Mart has not proven fraudulent joinder. Consequently, the Motion is GRANTED.

**Factual Background**

The Petition alleges the following. Defendant Scott Hasty worked as a security guard at Wal-Mart. On January 16, 2010, a customer at Wal-Mart stole merchandise from the store. In order to apprehend the suspect, Hasty wrote down what he believed to be the license plate number from a car belonging to the shoplifter. Hasty, however, did not actually know all the digits on the license plate when he initially transcribed the number. Due to this uncertainty, Hasty erroneously wrote down a license plate number that matched Plaintiffs' car. When Hasty reported the information to the police, he failed to mention he was uncertain about the accuracy of the license plate number. In reliance on Hasty's report, the police arrested Stevens on suspicion of theft. The prosecutor eventually dismissed the charges.

On April 25, 2013, Plaintiffs filed suit in the Circuit Court of Cass County, Missouri, against Hasty and Wal-Mart alleging claims of injurious falsehood, negligence, malicious prosecution, and misrepresentation. Wal-Mart, a Delaware corporation with its principal place of business in Arkansas, then removed the action to this Court on June 12, 2013, based on the Court's diversity jurisdiction. At all times relevant to this suit, Plaintiffs and Hasty were residents of Missouri.

In its notice of removal, Wal-Mart alleged that but for Plaintiffs' fraudulent joinder of Hasty this Court possessed diversity jurisdiction over the suit. Because this improper joinder destroys complete diversity of citizenship, Wal-Mart requests the Court disregard Hasty's citizenship when determining whether it possesses subject matter jurisdiction over this case. In response, Plaintiffs argue that Hasty was properly joined as an integral party to the lawsuit, not with the sole intention of frustrating the Court's jurisdiction over this matter.

## Standard of Review

An action may be removed by the defendant where the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). To invoke the court's diversity jurisdiction the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant destroys diversity and extinguishes a federal court's jurisdiction to hear the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). However, under the "no-local defendant" rule, even where there is complete diversity, a suit cannot be removed if one of the defendants who is properly joined and served is a citizen of the state where the lawsuit was filed. 28 U.S.C. § 1441(b)(2).

"Under the doctrine of fraudulent joinder, a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal." *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). Joinder is fraudulent where it is clear that "the applicable state precedent precludes the existence of a cause of action against the defendant." *Filla v. Norfolk & S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003). "However, if there is a colorable cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Id.* (citation omitted) (emphasis added). Thus, "joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Filla*, 336 F.3d at 810 (internal quotations omitted). The removing party bears the "substantial" burden of proving the alleged fraud. *Dorsey v. Sekisui Am. Corp.*, 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999). In considering

a motion to remand, the district court must strictly construe the removal statute and resolve all doubts in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

**Discussion**

Plaintiffs contend that every count in their complaint (the "Complaint") against Hasty has a reasonable basis in law and fact, thus Hasty was properly joined in this lawsuit. Defendants counter that none of the claims against Hasty have any basis in law or fact. Since a Missouri court might impose liability on Hasty for negligence, the Court holds that Plaintiffs properly joined Hasty in the lawsuit.[1]

**A.　Plaintiffs did not fraudulently join Hasty because Plaintiffs' negligence claim against Hasty has a reasonable basis in law and fact.**

In attacking the negligence claim alleged against Hasty, Wal-Mart argues that Hasty cannot be liable under Missouri law for reporting the wrong license plate number to the police because he did not owe a duty to Stevens. Plaintiffs counter that the Complaint clearly asserts that Hasty, as a loss prevention and security expert, owed a duty to Stevens because it was foreseeable that inaccurately reporting the license plate number to the police could lead to an innocent person's false arrest.

Under Missouri law, employees may be personally liable to a third party under certain circumstances. *See Hutchen v. Wal-Mart Stores East I, LP*, 555 F. Supp. 2d 1013, 1018 (E.D. Mo. 2008) (discussing Missouri cases finding that employees were personally liable to third parties). One situation in which an employee can be personally liable is where an employee "breaches some duty which he owes to a third person." *State ex rel. Kyger v. Koeher*, 831

---

[1] Because the Court holds that the negligence cause of action against Hasty has a reasonable basis in law and fact, it is unnecessary for the Court to analyze whether a Missouri court would impose liability for the remaining counts alleged against Hasty.

S.W.2d 953, 956 (Mo. Ct. App. 1992). Under this scenario, the test is "whether [the employee] has breached his legal duty or been negligent with respect to something over which he did have control." *Id.* In Missouri, whether an individual owes a duty to another depends on whether the defendant "should have foreseen a risk in a given set of circumstances." *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 156 (Mo. 2000). The Missouri Supreme Court has further defined foreseeability as "the presence of some probability or likelihood of harm sufficiently serious that ordinary persons would take precautions to avoid it." *Id.*

Plaintiffs' claim against Hasty for negligently reporting the wrong license plate number has a reasonable basis in law and fact. When considering whether Hasty owed Stevens a duty, the Complaint states Hasty, in his capacity as security guard for Wal-Mart, had control over reporting theft-related information to Wal-Mart loss prevention and the local police department. Plaintiffs further allege that a person in Hasty's position should have realized that reporting an inaccurate license plate number to the police could result in the arrest of an innocent person. While neither party cited an analogous case, the Court located one Missouri case holding that a cause of action arises when a defendant's negligence results in a plaintiff's false arrest. *See Bramon v. U-Haul, Inc.*, 945 S.W.2d 676, 681-83 (Mo. Ct. App. 1997) (holding that a U-Haul rental business that leased a stolen vehicle to plaintiffs which led to plaintiffs' false arrest could be liable for negligence). Even though the case is not directly on-point, it does suggest that a Missouri court *might* find that Hasty owed a duty to Plaintiffs to avoid negligent actions that led to the false arrest. Thus, there is a reasonable basis in law and fact supporting Plaintiffs' claim that Hasty owed a duty to them.

As for breach of this duty, the Complaint states that Hasty failed to properly ascertain the precise license plate number to a reasonable degree of certainty, and he reported the information

5

to the police without alerting them that he was unsure about the accuracy of the number. With respect to the causation and damages elements, Plaintiffs also assert that these breaches led the police to falsely arrest Stevens, and his improper detention resulted in pecuniary damages and emotional distress. Since the Complaint clearly alleges that Hasty was negligent with respect to something within his control and this negligence caused Plaintiffs' damages, there is a reasonable basis to conclude Plaintiffs may have a claim against him.

## Conclusion

Because a Missouri court might impose liability on Hasty for negligence, Wal-Mart has not carried its heavy burden of proving fraudulent joinder. Hasty's continued presence in this lawsuit destroys complete diversity of citizenship, thus subject matter jurisdiction does not exist under 28 U.S.C. § 1332. Accordingly, Plaintiffs' Motion is GRANTED, and this case is remanded to state court pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Date: October 17, 2013              /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT